JUDGE ENGELMAYER

12 CIV 3464

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JACQUELINE ORTIZ | § | |
|     Plaintiff | § | Case No.: _____ |
| v. | § | |
| PALISADES COLLECTION, L.L.C , | § | |
| PRESSLER & PRESSLER, L.L.P, | | |
| | | |
| Defendants. | § | |
| | § | |

RECEIVED

MAY 01 2012

U.S.D.C. S.D.N.Y.
CASHIERS

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, JACQUELINE ORTIZ ("ORTIZ"), brings suit against Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA"), and in support would show as follows.

### A.   JURISDICTION AND VENUE

1.     The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, (FDCPA).  Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Bronx County, New York.

3.     Plaintiff is an individual who resides in Bronx County, New York.

4.     Defendant PALISADES COLLECTION, L.L.C is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 210 Sylvan Avenue #1, Englewood, New Jersey 07632-2510.  Said Defendant engages in business in

3:42:42 PM

New York, and this suit arose out of said Defendant's business in New York. PALISADES

COLLECTION, L.L.C, may be served at its principal place of business at 210 Sylvan Avenue #1,

Englewood, New Jersey 07632-2510.

5.      Defendant PRESSLER & PRESSLER, L.L.P, is a limited liability partnership organized

and existing under the laws of the State of New Jersey, with its principal place of business at 7 Entin

Road #7, Parsippany, New Jersey 07054-5020. Said Defendant engages in business in New York,

and this suit arose out of said Defendant's business in New York. It may be served at its principal

place of business at 7 Entin Road #7, Parsippany, New Jersey 07054-5020.

## B.      STATEMENT OF FACTS

6.      Defendant PALISADES COLLECTION L.L.C. ("PALISADES") is a debt collector.

PALISADES is a debt collector because it purchases charged off consumer accounts and

attempts to collect on them by sending thousands of collection letters and filing thousands of

collections lawsuits, directly or through others.

7.      Defendant PRESSLER & PRESSLER L.L.P. ("PRESSLER & PRESSLER") is a debt

collection law firm. PRESSLER & PRESSLER is a debt collector because it sends thousands of

collection letters and files thousands of collection lawsuits as attorneys for putative creditors and

debt buyers seeking to collect alleged consumer debts.

8.      On or about May 6, 2011, ORTIZ received a letter from PRESSLER & PRESSLER. The

letter dated May 2, 2011, stated that PRESSLER & PRESSLER was the representative for

PALISADES in a state court collections lawsuit in Bronx County Civil Court, <u>Palisades</u>

<u>Collection L.L.C. vs Jacqueline Ortiz</u>, No. CV-059211-05/BX ("the collections lawsuit"). The

3 42 42 PM

letter claimed that: 1) PALISADES had title to a charged-off debt ("the debt") belonging to ORTIZ on which AT&T Wireless was the original creditor; 2) that PALISADES had obtained a judgment for the debt in the collections lawsuit on August 10, 2006; 3) that an "amount of $4, 756.80" was due; 4) that the judgment was "valid for twenty (20) years;" and, 5) that interest was accruing at New York's statutory rate of "nine percent (9%)." See Exhibit A.

9.      ORTIZ was never a customer of AT&T Wireless.

10.     PALISADES and PRESSLER & PRESSLER have a policy and procedure of continuing to collect AT&T Wireless accounts that they knew, or had reason to know, had systematic defects, including statute of limitations bars, un-owed debts, accounts unopened and mistaken identity.

11.     The May 2, 2011 letter was the first time that ORTIZ knew or could reasonably have known that: 1) she might be an AT&T consumer; 2) that she might owe a debt to PALISADES or AT&T; 3) that a lawsuit had been brought against her to collect on such a debt; 4) that a judgment had been entered against her for such a debt. ORTIZ never received any proper debt collection letter or calls indicating that there was a lawsuit or judgment against her.

12.     On or about November 8, 2005,  PRESSLER & PRESSLER filed a false affidavit of service alleging that its process server served ORTIZ by delivering a copy of the summons and verified complaint to Alvilyn Negron, ORTIZ's mother, and then mailing the same the following day. ORTIZ did not receive either copy of the summons and verified complaint. See Exhibit B.

13.     On or about May 6, 2011, and on a few other occasions in and around this date, ORTIZ contacted by telephone PALISADES through its lawyer PRESSLER & PRESSLER.  In her phone conversations with PRESSLER & PRESSLER, ORTIZ informed PALISADES that: 1)

3

3:42:42 PM

she was not an AT&T Wireless customer; 2) she did not owe money to either PALISADES or AT&T; and, 3) that she was not served with notice regarding the collections lawsuit in which judgment was entered against her.

14.     ORTIZ felt that her call to PALISADES provoked a series of collections attempts.

15.     After her call to PALISADES, on or about May 6, 2011, ORTIZ began to receive numerous communications from PRESSLER & PRESSLER regarding the collections lawsuit and her alleged debt. The communications came in the form of phone calls and letters. The communications were attempts to collect on the judgment, despite ORTIZ's repeated affirmation that she did not owe this debt.

16.     In the phone conversations with PALISADES through its counsel PRESSLER & PRESSLER, ORTIZ continued to inform PALISADES that she did not owe them any money. Nevertheless, PALISADES continued to press ORTIZ for money. ORTIZ felt like she was being harassed. Although she was adamant that she did not, in fact, owe Defendants anything, ORTIZ considered settling for a lesser sum solely to avoid potential and further harm to her credit score. At this point, ORTIZ appreciating PRESSLER & PRESSLER's aggressive and dishonest debt collection tactics became fearful of what Defendants might do in an effort to prove this debt that she did not owe.

17.     The communications with PALISADES left Ortiz feeling angry. She felt that it was placing her in a position where she had to pay money that she did not owe. Because she was sure that she did not owe PALISADES any money, on or about June 9, 2011, ORTIZ filed an Order to Show Cause to vacate the judgment in the collections lawsuit. See Exhibit C.

18.     On or about June 15, 2011, PRESSLER & PRESSLER filed an opposition to Ortiz's

3 42 42 PM

motion to vacate the judgment. See Exhibit D.

19.     The opposition contained as exhibits documents that were allegedly sent to ORTIZ over a five-year period, including Judgment Notices and a FDCPA Notice. See Exhibit D.   These documents were never sent to nor received by Ortiz and the first time she became aware of the lawsuit and judgment against her was after she received the May 2, 2011 letter from PRESSLER & PRESSLER. On information and belief, PRESSLER & PRESSLER attached these letter to the response knowing that they were never sent to ORTIZ with specific intent to of attempting to retain the default judgment they obtained via sewer service.

20.     On or about June 7, 2011, ORTIZ was served with a garnishment writ pursuant to the debt from the collections lawsuit, which she did not owe, and which she had contested with a motion to vacate judgment. See Exhibit F.

21.     On June 21, 2011, the Honorable Fernando Tapia granted ORTIZ's motion to vacate and restored the case to the trial calendar. See Exhibit E.   The court noted in its order that although the case was restored to the trial calendar ORTIZ's jurisdictional defense remained. Id.

22.     On or about July 27, 2011, PRESSLER & PRESSLER sent ORTIZ a Stipulation of Discontinuing Action with Mutual Releases. The stipulation proposed that PALISADES would discontinue its action with prejudice if ORTIZ agreed to discontinue with prejudice any counterclaims or claims she may have against Defendants.   ORTIZ did not raise any counterclaims in the collections lawsuit and did not sign the stipulation. See Exhibit G.

23.     At the first pre-trial conference, on or about September 13, 2011, the court ordered PALISADES to provide discovery material to ORTIZ including: a) "a copy of the signed contract giving rise to the alleged debt"; b) "all billing statements and transaction history for the

5

subject account"; and c) "a complete chain of custody including written proof of assignment for the subject account." See Exhibit H.

24.    In a shockingly abusive conduct, on September 13, 2011, PALISADES, through its attorney PRESSLER & PRESSLER, threatened ORTIZ that if ORTIZ did not sign a release that was mutual that they would never agree to a trial forcing the case to continue without resolution. Defendants told ORTIZ would have to continue missing work to come to court, which would not affect PRESSLER & PRESSLER as it is in court every day dealing with other cases. When Defendants told this to ORTIZ they knew that that they had no evidence to prove that ORTIZ owed the debt. Indeed, given the repeated denials of ORTIZ and for other reasons, Defendants knew or had reason to know that ORTIZ in fact did not owe the putative debt. These statemenets obviously caused ORTIZ distress and anger.

25.    Subsequently, on or about September 21, 2011, PRESSLER & PRESSLER filed a motion to discontinue the collections action by notice pursuant to N.Y. C.P.L.R. § 3217. The cover letter to the motion inaccurately stated that the hearing would be heard at the Kings County Civil Court in Brooklyn not in the Bronx where the case was pending. See Exhibit I. ORTIZ was confused and called PRESSLER & PRESSLER and the attorney she spoke to, Mitchell Zipkin, responded to her inquiry about the hearing location by stating that she should "ask her lawyer" without ever clarifying the inaccuracy of the information provided.

26.    On October 13, 2011, Judge Lizbeth Gonzalez denied PRESSLER & PRESSLER's motion to discontinue the action.

27.    Nevertheless, a few weeks thereafter by letter dated November 1, 2011, PALISADES, through its counsel, contacted ORTIZ stating that they voluntarily discontinued the collections

3 42 42 PM

lawsuit and the "Notice of Discontinuing Action" had been "filed" in the Bronx County Civil Court.  Enclosed with the letter dated November 1, 2011, was a purported court-stamped (October 25, 2011 at 10:17 am) copy of a Notice of Discontinuing Action signed by PRESSLER & PRESSLER.  PALISADES sent ORTIZ this notice with the specific intent that ORTIZ would not show up for the next pre-trial conference, which would allow PALISADES to default ORTIZ.  See Exhibit J.

28.     PRESSLER & PRESSLER plainly understood that it could not discontinue its suit by mere notice at that point in litigation according to Section 3217(a) of the New York Rules of Civil Procedure.  What is more, its motion to discontinue filed a few weeks earlier was already denied by the court.

29.     Moreover, the purported discontinuance is not in the court file, despite the purported stamp on the discontinuance. Therefore, on information and belief, Defendants never filed to purported discontinuance with the court but rather doctored the purported stamp on the discontinuance for the specific purpose of deceiving ORTIZ into believing that the case had been discontinued and thus that she did not have to attend the next hearing. This was done for the specific purpose of Defendants to obtain a default against ORTIZ when she did not show up at the next hearing.

30.     That is exactly what happened.

31.     On or about December 15, 2011, ORTIZ did not appear for her pre-trial conference date, as the letter from Defendants stated that the case had been discontinued. After the court clerk called the defaults PRESSLER & PRESSLER requested an inquest clerk marking as ORTIZ's name was one of the names on the default calendar.  It did not at that point or any point

7

thereafter communicate to the court that the reason ORTIZ was not in court was because PRESSLER & PRESSLER previously communicated to her that it voluntarily terminated the case.  See Exhibit K.

32.     After ORTIZ learned that Defendants defaulted her she immediately filed an order to show cause to vacate the inquest clerk and stay the entry of judgment on or about December 19, 2011.  By motion dated December 19, 2011, ORTIZ stated that she did not owe the money, Defendants never produced any proof of the debt, and that she did not have any business relationship with PALISADES.  She further averred that PRESSLER & PRESSLER sent her a "notice of discontinuing action," and stated to her that it "filed it in court." ORTIZ continued that she "called and they [PRESSLER & PRESSLER] said the case was dismissed."  See Exhibit L.

33.     On or about January 9, 2012, ORTIZ again returned to court for the hearing on her motion to vacate the inquest clerk.  At that point, the collections lawsuit was finally discontinued with prejudice.  See Exhibit L.

34.     Throughout the entire collections action, PALISADES put forth no evidence that ORTIZ owed the putative debt.

35.     ORTIZ felt stress, anger, confusion, and concern during her efforts to clear the judgment from the collections lawsuit.  She had to miss several days of work in order to appear in court. She incurred expenses, including postage and copies, seeking to prevent Defendants from obtaining the more than $4,000 to which they erroneously said they were entitled.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

36.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

3:42:42 PM

and realleged herein.

37.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

38.     Congress designed the FDCPA to be enforced primarily through private parties – such as Plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5 (Aug. 2, 1977), ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

39.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

40.     The obligation alleged by Defendants to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative debt was alleged to be incurred primarily for family, personal or household purposes.

9

41.    Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6).

42.    PRESSLER & PRESSLER is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for creditors and debt buyers seeking to collect alleged consumer debts.   Therefore, PRESSLER & PRESSLER regularly attempts to collect debts alleged to be owed to another, and that is its primary purpose.

43.    PALISADES is a debt collector because it purchases defaulted consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits, directly and through others.   Therefore, PALISADES regularly attempts to collect post-default consumer debts, directly or indirectly, and that is its primary purpose.

44.    The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

45.    Defendants violated the following sections of the FDCPA:  15 U.S.C. §§ 1692d, 1692e, and 1692f.  By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt:  engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; misrepresenting the services rendered or compensation which may be received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person false credit information; using any false representations or deceptive means; using unfair or unconscionable means; and collecting any amount that is not expressly permitted by law or contract.

10

3:42:42 PM

46.     A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

### C.     JURY DEMAND.

47.     Plaintiff demands a trial by jury.

### D.     PRAYER

48.     For these reasons, Plaintiff asks for judgment against Defendants for the following:

    i.      The above referenced relief requested;

    ii.     Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

    iii.    Actual damages within the jurisdictional limits of the court;

    iv.     Attorney fees and costs;

    v.      Prejudgment and post-judgment interest as allowed by law;

    vi.     A declaration that Defendants violated the FDCPA as alleged in the complaint;

    vii.    General relief;

    viii.   All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: New York, NY
May 1, 2012

Respectfully submitted,

By:_____
Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz

11

3:42:42 PM

16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

3:42:42 PM

Exhibit A

HANRICK H. PRESSLER(1916 2002)
SHELDON H. PRESSLER
-------
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
-------
MITCHELL L. WILLIAMSON
THOMAS M. DUGGAN
RALPH CHILDS
JOANNE L. D'AURIZIO
CHRISTOPHER P. CROGNALI

**PRESSLER** AND **PRESSLER**, **L.L.P.**
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-3353
---------
NY Office
305 Broadway
9th Floor
New York, NY 10007
Off: (516)222-7529
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

DALE L. GELBER        DARYL J. KIPNIS
CRAIG S. STILLER      DARREN H TANAKA
STEVEN A. LANG        MITCHELL H. KIPNIS
DANIEL D. SULLIVAN    MICHAEL J. PETERS
GINA M. LO HUE        RITA H. AYOUB

-------------------------------
* NY State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-7pm

05/02/11

‖I‖₁₁ₗₗ₁ₗ₁ᵢₗₗₗₗₗₗₗ (barcode)

TO:   JACQUELINE ORTIZ
      790 GRAND CONCOURSE APT 2B
      BRONX, NY 104513073

RE:   PALISADES COLLECTION, L.L.C.  -vs-  JACQUELINE ORTIZ
      CIVIL COURT OF THE CITY OF NEW YORK
      COUNTY OF BRONX
      Index #: 59211/05
      P&P FILE NO O28107
      Original Creditor AT&T WIRELESS

Dear  JACQUELINE ORTIZ  :

Please be advised that the above creditor obtained a judgment in the above
referenced matter on August 10, 2006 , upon which the amount of $4,756.80
is due.

The judgment is valid for twenty (20) years. During that period,  interest
will accrue on the judgment at the statutory rate which is currently  nine
percent (9%).

Please call me toll free at  1-888-312-8600  Ext  5348  or  anyone  in  my
department at 5112 to discuss this matter. We will proceed to enforce this
judgment until an arrangement is agreed to or the judgment is paid in full.

Thank You

DAN H Ext - 5348

We accept Western Union, please call them at 1-800-325-6000 for the nearest
agent and mention code city (PRESSLER, State, NJ). Payments may be made on
the  website  **www.paypressler.com.**    .   We  also  accept
Visa/Mastercard, and American Express.  If you choose this payment  option
return this letter along with:

Name as it appears on Credit Card_____/Street # & Zip_____
Expires ____/____  Credit Card #_____/Security Code_____
Amount $_____  Signature _____

Upon final payment this debt will be satisfied.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT
A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK        P&P File O28107
COUNTY OF BRONX

PALISADES COLLECTION, L.L.C.
        Plaintiff                     Index No.  59211/05
        vs.
JACQUELINE ORTIZ                     NOTICE
        Defendant(s)

       TO:  JACQUELINE ORTIZ
            790 GRAND CONCOURSE APT 2B
            BRONX, NY 104513073

**NOTICE TO JUDGMENT DEBTOR OR OBLIGOR**
     Money or property belonging to you may have been taken or held in order to satisfy a Judgment or Order which has been entered against you. Read this carefully.

**YOU MAY BE ABLE TO GET YOUR MONEY BACK**
     State and Federal Laws prevent certain money or property from being taken to satisfy Judgments or Orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits
6. Disability benefits;
7. Worker's compensation benefits;
8. Public or private pensions;
9. Veteran's benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits

     If you think that any of your money has been taken or held is exempt, you must act promptly because the money may be applied to the Judgment or Order. If you claim that any of your money has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE/LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York CPLR sections 5222(a), 5239 and 5240. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that a creditor cannot collect. The law (New York CPLR Art. 4 and sections 5239 and 5240) provides a procedure for determination of a claim to an exemption.

                                      Pressler and Pressler, LLP
     Dated: 05/02/11                  Attorney for Plaintiffs/Judgment Creditor
                                       305 Broadway 9th Floor
                                       New York, NY 10007
                                       (516)222-7929
                                       By:S/ Craig S. Stiller
                                         Craig S. Stiller

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

PALISADES COLLECTION, LLC                 Plaintiff(s), Petitioner(s)

        against

JACQUELINE ORTIZ                          Defendant(s), Respondent(s)

ATTORNEY: Pressler and Pressler

Pressler File No.: O28107

INDEX NO.: 59211/05

**AFFIDAVIT OF SERVICE**

STATE OF N.Y.: COUNTY OF NASSAU:  ss:

I, Jose Rojas, being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Bronx, NY.

That on November 8, 2005 at 2:18 PM at 790 Grand Concourse , Apt 2B, Bronx, NY 10451, deponent served the Summons & Verified Complaint with Index Number & Date of Filing Endorsed Thereon upon Jacqueline Ortiz, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner;

By delivering thereat a true copy *of each* to Alvilin Negron, a person of suitable age and discretion. That person was also asked by deponent whether said premises was the Recipient's place of residence and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:  Sex: Female Skin: Hispanic Hair: Black Age(Approx): 45 Height(Approx): 5' 6" Weight(Approx): 130-140 lbs Other:

On November 9, 2005, after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the Recipient at Recipient's place of residence in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the Recipient.

I asked the person spoken to if the Recipient was in active military service of the United States or the State of New York in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the Recipient is not in the military service of New York State or the United States as that term is defined in the statues of New York State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Jose Rojas    License No. 1017431

Sworn to before me on November 9, 2005

Alan Leibowitz
Notary Public, State of New York
Registration No. 01LE6029931
Qualified in Nassau County
Commission Expires August 30, 2009

Executive Attorney Service (516) 333-3447
Case No.: 43975

iii

Exhibit C

*1st OTSC*

# Civil Court of the City of New York

County of Bronx Part 34C

**Index Number CV-059211-05/BX**

**ORDER TO SHOW CAUSE**

To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss

**APPEARANCE IS MANDATORY**

PALISADES COLLECTION, L.L.C.
    —against—
JACQUELINE ORTIZ

UPON the annexed affidavit of JACQUELINE ORTIZ, sworn to on June 9, 2011, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, NY 10451**
**Part 34C**                                        Room 504
    on *June 21, 2011* at 9:30 AM *Tuesday*

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):          Sheriff or Marshal:
(Judge to Initial)                                                          (Judge to Initial)

_____ by Personal Service by "In Hand Delivery"          _____ by Personal Service by "In Hand Delivery"
\_\_✓\_\_ by Certified Mail, Return Receipt Requested          \_\_✓\_\_ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office          _____ by First Class Mail with official Post Office
Certificate of Mailing                                                  Certificate of Mailing

on or before *June 13, 2011*, shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:                                          Sheriff/Marshal:
PRESSLER & PRESSLER (Counsel for Pltf)          NYC marshal
305 BROADWAY, 9TH FLOOR                          Bienstock, Gregg E., Marshal
NEW YORK, NY 10007-                                  36-35 Bell Boulevard
                                                                      PO Box 610700
                                                                      Bayside, NY 11361-0700

_____                    _____
        June 9, 2011                                                  Hon. Robert R. Reed, Civil Court Judge (NYC)
            DATE




CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 59211/05

PALISADES COLLECTION, LLC,

Plaintiff,

v.

JACQUELINE ORTIZ,

Defendant.

AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment
For Failure to Answer

Movant's address:
790 Grand Concourse, Apt. 2B
Bronx, NY, 10451

State of New York, County of Bronx ss.:

JACQUELINE ORTIZ, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment in this case.

2. I did not file an answer to the Complaint with the court because of the following excusable default:

    a. I never received the court papers.

3. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I have no business relationship with the plaintiff so the plaintiff lacks standing.

4. I want to tell the judge the following: _____

5. I have not asked for a previous Order to Show Cause in this case.

Made using the Civil Court of the City of New York's FREE DIY Forms program.
Affidavit in Support of an Order to Show Cause to Vacate Judgment for Failure to Answer

Page 1 of 2

## VERIFICATION

State of New York, County of Bronx ss.:

JACQUELINE ORTIZ, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

X _____
Signature of Jacqueline Ortiz, Defendant

Sworn to before me this _____ day

of _____ JAN 0 9 2011 , 20 _____ .

COURT
REV. ASSIST.
Signature and Title
of Court Employee or Notary

Made using the Civil Court of the City of New York's **FREE DIY** Forms program.
Proposed Answer Consumer Credit Transaction

Page 2 of 2

Exhibit D

028107

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: Part 34C, No. 8A

Index No. CV- 059211-05/BX

PALSADES COLLECTION, LLC

Plaintiff[s],

v.

JACQUELINE ORTIZ,

Pro se Defendant[s].

DECISION/ORDER

Civil Court
of the
City of New York
JUN 21 2011
ENTERED
BRONX COUNTY

Recitation, as required by CPLR 2219(a), of the papers considered in review of this Order to Show Cause/Motion to Vacate Default Judgment and Restore to the Calendar:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed . . . . . . . . . . . | |
| Order to Show Cause and Affidavits Annexed . . . . . . . | |
| Answering Affidavits . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Replying Affidavits . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

*Upon the foregoing papers, the Decision on this Order to Show Cause/Motion is as follows:*

This Order to Show Cause/Motion to Vacate Default Judgment and Restore to the Calendar is GRANTED NOT ON CONSENT .

If Movant-Defendant has filed a Proposed Answer, it is deemed accepted by this Court. If not, Movant-Defendant is directed to serve and file an Answer without a jurisdictional defense, at Window 14 on the Ground Floor of this Courthouse within twenty [20] days from this Order's date.

Upon filing the Answer, any liens, restraining orders, garnishments, or executions placed by Plaintiff upon Defendant's personal property such as bank accounts and salaries will be vacated and lifted by Plaintiff. Any funds executed upon, in the possession of Plaintiff, City Marshal, Sheriff, or any other agent shall be returned by Plaintiff to Defendant[s] immediately.

The Clerk is directed to place this case on the active trial calendar for conference or trial on Tues., ~~the following date~~ , at 10:30 a.m. Sept. 13, 2011 Ms. ORTIZ contests service. If Defendant[s] fail[s] to comply with this Order's terms, the judgment shall continue in full force and effect, and all stays shall be deemed vacated.

This constitutes the Decision and Order of this Court.

JUNE 21 2011
Date

Hon. Fernando Tapia, J.C.C.

# Exhibit E

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER
—————
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR
—————
MITCHELL L. WILLIAMSON
CHRISTOPHER P. ODOGBILI
THOMAS M. BRODAN
JOANNE L. D'AURIZIO
RALPH GULKO

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off. (973) 753-5100
Fax: (973) 753-5353
NY Office:
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353
E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office [ ] New York Office

DALE L. GELBER                    DARYL J. KIPNIS
CRAIG S. STILLER*            DARREN H. TANAKA
STEVEN A. LANG               MITCHELL E. ZIPKIN
DANIEL D. SULLIVAN          MICHAEL J. PETERS
GNAM LO BUE                          RITA E. AYOUB

* NY STATE LICENSE ONLY

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

JUNE 15, 2011

JACQUELINE ORTIZ
790 GRAND CONCOURSE APT 2B
BRONX, NY  104513073

Re: PALISADES COLLECTION, L.L.C.  vs  JACQUELINE ORTIZ
    Civil Court of the City of New York
    County Of BRONX  Index No 59211/05
    P&P File Number O28107
    Original Creditor: AT&T Wireless
    Original Account: 002500000057733040
    Current Balance: $4,831.25

Dear Ms. Ortiz:

Enclosed please find the Plaintiff's Affirmation in Opposition to the Defendant's Order to Show Cause.

Should you have any questions or wish to discuss a settlement agreement, please call this office at 1 (888) 312-8600 and speak with me directly at ext. 5301 or any attorney assistant at ext. 5656.

Very truly yours,

PRESSLER & PRESSLER, LLP

Mitchell E. Zipkin
MEZ/mz
Enc.

This is a communication from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Civil Court of the City of New York
County Of BRONX

. &P File Number O28107

| | |
|---|---|
| PALISADES COLLECTION, L.L.C. | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| JACQUELINE ORTIZ | ) |
| Defendant(s) | ) |
| | ) |
| | ) |

**AFFIRMATION IN OPPOSITION**

**INDEX NO.: 59211/05**

*Mitchell E. Zipkin,* an attorney at law duly admitted and licensed in the State of New York, affirms that the following statements are true under the penalties of perjury that:

1. I am associated with the attorney for the Plaintiff, and I am fully familiar with all the facts and circumstances of this action.

2. I make this affirmation in opposition to Defendant's Order to Show Cause to vacate a judgment, restore the case to the calendar, and vacate any liens and income executions involving this Defendant on this case and/or to dismiss pursuant to CPLR §§ 317 and 5015.

3. Defendant's application must be denied as procedurally deficient as Defendant has failed to attach a copy of the judgment which she seeks to vacate. The failure to attach the requisite pleadings to the moving papers generally requires denial of the motion. See *Bonded Concrete v. Town of Saugerties*, 3 AD3d 729, 730 (2004).

4. Moreover, Defendant's affidavit in support of the Order to Show Cause fails to state an excusable reason for default nor does it set forth a meritorious defense. Defendant's excuse that she did not receive the court papers is insufficient as a matter of law. Defendant fails to state what court papers she allegedly did not receive.

5. Substituted service of the summons and verified complaint pursuant to CPLR § 308(2) upon

the Defendant was completed on November 8, 2005, by delivery of a true copy to "Alvilin Negro," a person of suitable age and discretion who confirmed that the Defendant resided at the premises and on November 9, 2005, by mail. See Affidavit of Service attached as **Exhibit A**.

6. It is well settled that a process server's sworn Affidavit of Service ordinarily constitutes *prima facie* evidence of proper service. Lattingtown Harbor Prop. Owners Assn., Inc. v. Agostino, 34 AD3d 536, 538 (Second Dept. 2006).

7. Although a Defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the Defendant fails to swear specific facts to rebut the statements in the process server's affidavits. See Scarano v. Scarano, 63 AD3d 716 (N.Y. App. Div. 2d Dep't 2009); Simonds v. Grobman, 277 AD2d at 370 (N.Y. App. Div. 2d Dep't 2000).

8. Here, the Defendant's bare denial of service is insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308(2).

9. On December 2, 2005, the undersigned's office served another copy of the Summons and Complaint to the Defendant by regular mail.

10. On August 17, 2006, August 30, 2007, December 8, 2008, April 26, 2010, and May 2, 2011, Judgment Notices were mailed to the Defendant at the address she lists on her affidavit, attached hereto as **Exhibit C**, which were not returned to this office.

11. Notably, the following documents, attached hereto as **Exhibit D**, were all mailed to the same address, which is the address the Defendant lists on her affidavit, that address being: 790 Grand Concourse, Apt. 2B, Bronx, NY 10451-3073 :

    - FDCPA Notice on or about August 26, 2005

    - Notice to Defendant on or about February 4, 2011

12. In fact, all mailings (over five years worth) and service of the summons and complaint were to

the address the Defendant states on her affidavit.

13. It is noted that your Affirmant's office has never received any returned mail addressed to the Defendant at the address where she was served, nor does she deny residing there on the date of service. Additionally, Defendant fails to attach any admissible proof of problems receiving mail at the address where she was served. Therefore, Defendant's self-serving and unsupported statement of never receiving the court papers fails in light of the regularity presumed in U.S. Postal Service mailings.

14. The above demonstrates that Defendant simply ignored this matter for years until her wages were about to be garnished.

15. Equally lacking is the Defendant's meritorious defense. Defendant does not deny the debt or claim it did not go into default for nonpayment. Defendant merely states that she does not have a business relationship with the Plaintiff and that she does not owe the money.

16. To be clear, Plaintiff is the owner of the Defendant's defaulted AT&T Wireless account 002500000057733040 that was opened in Defendant's name on May 31, 2000.

17. Judgment was entered against the Defendant on August 10, 2006, nearly five years ago. The judgment is attached hereto as **Exhibit E**. Since no mailings were returned, Defendant's application is untimely pursuant to CPLR 5015(a) in that it is post one year since the judgment was entered.

18. Based upon the foregoing, Defendant fails to establish the excusable reason for default required by CPLR § 5015 and the meritorious defense required by both CPLR §§ 5015 and 317 to vacate a judgment, restore the case to the calendar, and vacate any liens and income executions involving this Defendant on this case and/or to dismiss.

**WHEREFORE**, Plaintiff respectfully requests that Defendant's Order to vacate a judgment, restore

the case to the calendar, and vacate any liens and income executions involving this Defendant on this

case and/or to dismiss be denied in its entirety.

*Affirmed: June 15, 2011*

PRESSLER & PRESSLER, LLP
*Attorney for Plaintiff*
305 Broadway, 9th Floor
New York, NY 10007
(516) 222-7929

By: _____
       *Mitchell E. Zipkin, Esq.*

Civil Court of the City of New York
County Of BRONX

---

|  |  |
|---|---|
| PALISADES COLLECTION, L.L.C.<br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>JACQUELINE ORTIZ<br>　　　　　　　　　　Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIRMATION OF SERVICE
BY MAIL**

**INDEX NO.: 59211/05**

---

*Mitchell E. Zipkin*, an attorney admitted to practice in the Courts of the State of New York, associated

with the firm of Pressler and Pressler LLP, Attorneys for Plaintiff, affirm under the penalty of perjury

that I am not a party to the action, and on **JUNE 15, 2011**, the attached Affirmation in Opposition to

Defendant's Order to Show Cause and Exhibits were served by depositing a copy thereof in a first

class postage paid wrapper, addressed to the address designated for that purpose in an official

depository under the exclusive care and custody of the United States Postal Service, that address

being:

> JACQUELINE ORTIZ
> 790 GRAND CONCOURSE APT 2B
> BRONX, NY 10451-3073

PRESSLER & PRESSLER, LLP
*Attorney for Plaintiff*
305 Broadway, 9th Floor
New York, NY 10007
(516) 222-7829

By: _____
　　　*Mitchell E. Zipkin, Esq.*

# EXHIBIT A

# EXHIBIT B

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
————
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
————
MATTHEW H. DODD
MITCHELL L. WILLIAMSON*
JAMES D.PADGETT****
THOMAS N. BROGAN
NEIL GREENSTEIN*
BRETT K. KURIN***

*PRESSLER AND PRESSLER*

COUNSELLORS AT LAW
16 Wing Drive
Cedar Knolls, N.J. 07927
Offi: (973) 753-5100
Fax: (973) 753-5353
————
NY Office
900 Stewart Avenue
Suite 38
Garden City, NY 11530
Off: (516)222-7929
Fax: (516)753-5353
Reply to [X] NJ Office ( ) NY Office

RALPH GULKO*****
JOANNE L. D'AURIZIO*******
LISA A. PEREZ*
MICHAEL ROSE**
TIN-AH A. WANG*
AMY B. MILLER**
GAVIN MIRCHANDANI**
GRAN D. BAHAYAH*
Also Member of :
*NY Bar , **NY Bar Only
***PA Bar , **** PA & DC Bars
*****PA and NY Bars
******NY,DC and Fl Bars

JACQUELINE ORTIZ
790 GRAND CONCOURSE APT 2B
BRONX, NY 104513073

12/02/05

Re:   PALISADES COLLECTION, L.L.C.
      JACQUELINE ORTIZ
      P&P File # O28107
      Index No. 59211/05

Dear JACQUELINE ORTIZ

    I am the attorney for the above named  client.  I  have  received  an
affidavit of service from a process server  that a summons  and  complaint
have been served upon you with respect to the above entitled action.

    The enclosed copy of the summons and complaint is being forwarded  to
you by regular mail in accordance with New York State Law.

    If you wish to discuss this matter to curtail further litigation,  it
is suggested that you call this office as soon as conveniently possible.

    Your prompt response may lead to  a  very  favorable  settlement  or
payment arrangement.

                         Very truly yours,

                         PRESSLER AND PRESSLER

                         s/ Ralph Gulko

                         Ralph Gulko

This communication is from a  debt  collector.  This  is  an  attempt  to
collect a debt. Any information obtained will be used for that purpose.

EXHIBIT C

CIVIL COURT OF THE CITY OF NEW YORK                    P&P File O28107
COUNTY OF BRONX

PALISADES COLLECTION, L.L.C.
                Plaintiff
            vs.                                        Index No.  59211/05
JACQUELINE ORTIZ
            Defendant(s)                               NOTICE

        TO:  JACQUELINE ORTIZ
             790 GRAND CONCOURSE APT 2B
             BRONX, NY 104513073

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

        Money or property belonging to you may have been taken or held in order to satisfy
a Judgment or Order which has been entered against you.  Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

        State and Federal Laws prevent certain money  or  property  from  being  taken  to
satisfy Judgments or Orders.  Such money or property is said to be  "exempt".   The
following is a partial list of money which may be exempt:

        1.      Supplemental security income, (SSI);
        2.      Social Security;
        3.      Public Assistance (Welfare);
        4.      Alimony or Child Support;
        5.      Unemployment Benefits
        6.      Disability Benefits;
        7.      Worker's Compensation Benefits;
        8.      Public or Private Pensions; and
        9.      Veteran's Benefits

        If you think that any of your money has been taken or held as exempt,  you  must
act promptly because the money may be applied to the Judgment or Order.   If  you  claim
that any of your money has been taken or held is exempt,  you  may  contact  the  person
sending this notice.

Also,  YOU MAY CONSULT AN ATTORNEY, INCLUDING  LEGAL AID IF YOU QUALIFY.   The  law (New  York  Civil
Practice Laws and Rules,  Article four and sections  fifty-two  hundred  thirty-nine  and
fifty-two hundred forty provides  a  procedure  for  determination  of  a  claim  to  an
exemption.

        Dated: 08/17/06                    Pressler and Pressler, L.L.P.
                                           Attorney for Plaintiffs/Judgment Creditor
                                           990 Stewart Avenue Suite 30
                                           Garden City, NY 11530
                                           (516)222-7929

                                           By:S/ Richard A. Franklin
                                              Richard A. Franklin
This communication is from a debt collector. This is an  attempt  to  collect  a  debt.  Any
information obtained will be used for that purpose.

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
----
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
----
MATTHEW H. RUSS
MITCHELL L. WILLIAMSON
JAMES D. PADGETT
THOMAS H. BROGAN
NEIL OBERSTEIN
RALPH CULKO
JOANNE L. D'AURIZIO

**PRESSLER and PRESSLER, L.L.P.**
COUNSELLORS AT LAW
----
16 Wing Drive
Cedar Knolls, N.J. 07927
Off: (973) 753-5100
Fax: (973) 753-5353
---------
NY Office
990 Stewart Avenue
Suite 30
Garden City, NY 11530
Off: (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

LISA A. PEREZ
MICHAEL ROSS*
TIN-AN A. WANG
AMY S. MILLER*
PETER N. FISH
ANTHONY J. CHILLES JR.
ALEXANDER TSIRING*
RICHARD A. FRANKLIN*
STEVEN P. HAHN
ANGELO CAPASSO*

* NY State License Only

08/16/06

JACQUELINE ORTIZ
790 GRAND CONCOURSE APT 2B
BRONX, NY 104513073

RE:   PALISADES COLLECTION, L.L.C.    -vs-   JACQUELINE ORTIZ
      CIVIL COURT OF THE CITY OF NEW YORK
      County of BRONX   Index #: 59211/05
      P&P FILE NO O28107

Dear   JACQUELINE ORTIZ   :

Please be advised that the above creditor recently obtained a  judgment
against you upon which the amount of $3,338.43  is due.

The judgment is valid for  twenty  (20)  years.  During  that  period,
interest will accrue on the judgment at the  statutory  rate  which  is
currently nine percent (9%).

Please call this office toll free at  1-888-312-8600  to  discuss  this
matter. We will proceed to enforce this judgment until  an  arrangement
is agreed to or the judgment is paid in full.

We accept Western Union, please call them  at  1-800-325-6000  for  the
nearest agent and mention code city (PRESSLER, State, NJ).

Payments may be made on the website **www.paypressler.com**. . We
also accept Visa/Mastercard, and American Express.  If you choose  this
payment option return this letter along with:

Name as it appears on Credit Card  _____
Expires ____/_____   Credit Card # _____

Amt $_____  Signature _____

Upon final payment this debt will be satisfied.

This communication is from a debt collector.  This  is  an  attempt  to
collect a debt. Any information obtained will be used for that purpose.

MAURICE H. PRESSLER(1930-2009)
SHELDON H. PRESSLER
------
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
------
MATTHEW H. RUDD
MITCHELL L. WILLIAMSON
JAMES D. PAGGETT
THOMAS M. DUGGAN
RALPH GULKO
JOANNE L. D'AURIZIO
MICHAEL ROSS*

*PRESSLER* and *PRESSLER*, *L.L.P.*
COUNSELLORS AT LAW
16 Wing Drive
Cedar Knolls, N.J. 07927
Off: (973) 753-5100
Fax: (973) 753-5353
----------
NY Office
990 Stewart Avenue
Suite 39
Garden City, NY 11530
Off: (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

ANTHONY J. CHIARLES JR.
STEVEN F. DANI
ANGELO CAPALBO*
CHRISTOPHER P. ODOGBILI
RICHARD C. CHANG
RUSSELL A. DITHER**
DALE L. GELBER
LORI R. OKTANI
RODNEY L. KAPLINSKY
BENJAMIN J. GINTER

* NY State License Only
** PA State License Only

08/30/07

TO:   JACQUELINE ORTIZ
      790 GRAND CONCOURSE APT 2B
      BRONX, NY 104513073


RE:   PALISADES COLLECTION, L.L.C.    -vs-   JACQUELINE ORTIZ
      CIVIL COURT OF THE CITY OF NEW YORK
      County of BRONX   Index #: 59211/05
      P&P FILE NO 028107

Dear   JACQUELINE ORTIZ   :

 Please be advised that the above creditor obtained a  judgment  in  the
above reference matter upon which the amount of $3,609.26  is due.

 The judgment is valid  for  twenty  (20)  years.  During  that  period,
interest will accrue on the judgment at the  statutory  rate  which  is
currently nine percent (9%).

 Please call this office toll free at  1-888-312-8600  to  discuss  this
matter. We will proceed to enforce this judgment until  an  arrangement
is agreed to or the judgment is paid in full.

We accept Western Union, please call them at  1-800-325-6000  for  the
nearest agent and mention code city (PRESSLER, State, NJ).

Payments may be made on the website www.paypressler.com. . We
also accept Visa/Mastercard, and American Express.  If you choose  this
payment option return this letter along with:

Name as it appears on Credit Card _____
Expires _____/_____   Credit Card # _____

Amt $_____   Signature _____

Upon final payment this debt will be satisfied.


This communication is from a debt collector.  This  is  an  attempt  to
collect a debt. Any information obtained will be used for that purpose.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
PALISADES COLLECTION, L.L.C.
          Plaintiff
          vs.
JACQUELINE ORTIZ
          Defendant(s)

P&P File O28107

Index No.   59211/05

NOTICE

TO:   JACQUELINE ORTIZ
      790 GRAND CONCOURSE APT 2B
      BRONX, NY 104513073

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a Judgment or Order which has been entered against you.  Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and Federal Laws prevent certain money or property from being taken to satisfy Judgments or Orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social Security;
3. Public Assistance (Welfare);
4. Alimony or Child Support;
5. Unemployment Benefits
6. Disability Benefits;
7. Worker's Compensation Benefits;
8. Public or Private Pensions; and
9. Veteran's Benefits

If you think that any of your money has been taken or held as exempt,  you  must act promptly because the money may be applied to the Judgment or Order.   If  you  claim that any of your money has been taken or held is exempt,  you  may  contact  the  person sending this notice.

Also, **YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY.**  The  law (New  York  Civil Practice Laws and Rules, Article four and sections  fifty-two  hundred  thirty-nine  and fifty-two hundred forty provides  a  procedure  for  determination  of  a  claim  to  an exemption.

Dated: 08/30/07

Pressler and Pressler, LLP
Attorney for Plaintiffs/Judgment Creditor
990 Stewart Avenue Suite 30
Garden City, NY 11530
(516)222-7929

By:S/ Lori R. Cetani
      Lori R. Cetani

This communication is from a debt collector. This is an  attempt  to  collect  a  debt.  Any information obtained will be used for that purpose.

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
-------
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
-------
MITCHELL L. WILLIAMSON
JAMES D. PADGETT
THOMAS R. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
MICHAEL ROSS
ANTHONY J. CHIRLES JR.

## PRESSLER and PRESSLER, L.L.P.
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353
----------                    ----------
NY Office                    PA Office
305 Broadway                 196 West Ashland Street
9th Floor                    Doylestown, PA 18901
New York, NY 10007
Off: (516)222-7929           Off: (215)860-3337
Fax: (973)753-5353           Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office [ ] PA Office

STEVEN P. DAHN               LORI R. CETARI
CHRISTOPHER P. GROGGILL      RAPUL J. KIPNIS
RUSSELL A. DIVERS**          THOMAS H. BRICK
DALE L. GELBER              MATTHEW M. DUNEAN
CRAIG S. STILLER*

------------------------
* NY State License Only
** PA State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

12/08/08

TO:   JACQUELINE ORTIZ
      790 GRAND CONCOURSE APT 2B
      BRONX, NY 104513073


RE:   PALISADES COLLECTION, L.L.C.   -vs-   JACQUELINE ORTIZ
      CIVIL COURT OF THE CITY OF NEW YORK
      COUNTY OF BRONX
      Index #: 59211/05
      P&P FILE NO O28107

Dear  JACQUELINE ORTIZ  :

Please be advised that the above creditor obtained a judgment in the
above reference matter upon which the amount of $3,609.26 is due.

The judgment is valid for twenty (20) years. During that period,
interest will accrue on the judgment at the statutory rate which is
currently nine percent (9%).

Please call this office toll free at 1-888-312-8600 to discuss this
matter. We will proceed to enforce this judgment until an arrangement
is agreed to or the judgment is paid in full.

We accept Western Union, please call them at 1-800-325-6000 for the
nearest agent and mention code city (PRESSLER, State, NJ).

Payments may be made on the website **www.paypressler.com**. . We
also accept Visa/Mastercard, and American Express. If you choose this
payment option return this letter along with:

Name as it appears on Credit Card _____
Expires ____/____   Credit Card # _____

Amt $_____   Signature _____

Upon final payment this debt will be satisfied.


THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT E

CIVIL·COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX                                    P&P File O28107

PALISADES COLLECTION, L.L.C.
                        Plaintiff
                vs.

                                                  Index No.  59211/05

JACQUELINE ORTIZ                                       JUDGMENT
        Defendant(s)

AMOUNT CLAIMED IN COMPLAINT LESS CREDITS ON ACCOUNT ($0.00 ).......... $3,165.92
INTEREST AT 9.00 % FROM 10/24/05 to 04/03/06 ............................ $82.51
                                                              ----------
                                                              $3,248.43

        Costs by Statute.................... $20.00
        Service of Summons and complaint.... $25.00
        Fee for Index Number............... $45.00
        Prospective Execution Fee......... $0.00

        Costs Taxed At                                        ----------
                                                                $90.00
STATE OF NEW YORK, COUNTY OF NASSAU          Total.......    $3,338.43

        The undersigned, an attorney at law of the State of New York, the attorney(s) of
record for the Plaintiff(s) herein, subscribes and affirms under penalties of perjury,
that the disbursements above specified are correct and true and have been or will be
necessarily be made or incurred herein and are reasonable in amount; that the
Defendant(s) have failed to appear, answer or move herein and the time to do so has
expired so that Plaintiff is entitled to a judgment by default . On  11/29/2005  ,
Deponent mailed a copy of the summons in separate post-paid envelopes in an official
depository of the U.S. Postal Service, addressed to each defaulting defendant's last
known residence address as set forth below, by first class mail in an envelope bearing
the legend "personal and confidential" and not indicating on the outside thereof that
the communication was from an attorney or concerns an alleged debt. More than 20 days
have elapsed and the same have not been returned as undeliverable by the U.S. Postal
Service.

        Pursuant to affidavits of service on file herein, deponent alleged that
defendant(s) are not in the military service.
Plaintiff waives its cause of action based on an account stated and attorney fees.

Dated:  07/14/06

                                          Richard A. Franklin  Esq.
                                          Pressler & Pressler
                                          990 Stewart Avenue Suite 30
                                          Garden City, NY 11530
                                          (516) 222-7929
JUDGEMENT ENTERED ON:

        ADJUDGED that PALISADES COLLECTION, L.L.C.  , Plaintiff, with offices at 210
SYLVAN AVE    ENGLEWOOD CLIFFS  NJ  07632 , recover of
JACQUELINE ORTIZ   , Defendant residing at 790 GRAND CONCOURSE  APT  2B    BRONX, NY
104513073  in the sum of $3,165.92   with Interest of $82.51   making a total of
$3,248.43 , together with costs and disbursements of $90.00 amounting in all to the
sum of $3,338.43  and that the Plaintiff(s) have execution therefor.

                                          _____
                                               Clerk

Exhibit F



# GREGG E. BIENSTOCK
## Badge No. 17

*Marshal City of New York*

36-35 Bell Boulevard
P.O. Box 610700
Bayside, N.Y. 11361-0700
FAX: 718-423-0014

(718) 279-3774

June 7, 2011

ORTIZ, JACQUELINE
790 GRAND CONCOURSE
APT #2B
BRONX NY 10451 3073

JUDGMENT CREDITOR

PALISADES COLLECTION, LLC

VS

ORTIZ, JACQUELINE

JUDGMENT DEBTOR

# NOTICE OF GARNISHMENT

Please take notice that a judgment has been entered against the above named judgment debtor. Pursuant to the **INCOME EXECUTION** delivered to me, you are required to make arrangements and have your first payment in my office within 20 days from the above date. Upon your default, a copy of this execution will be served upon any person (corporation, etc.) from whom you are receiving or will receive money and will result in additional costs to you.

| | |
|---|---:|
| JUDGMENT . . . . . . . | $3,338.43 |
| STATUTORY MARSHAL FEES | $0.00 |
| POUNDAGE . . . . . . . | $239.84 |
| EXPENSE. . . . . . . . | $6.45 |
| INTEREST . . . . . . . | $1,452.11 |
| **TOTAL.** . . . . . . . . | **$5,036.83** |

IN ADDITION, INTEREST FROM 06/07/11 will be calculated on a daily basis. You will be notified of the final balance due when your payments approach completion.

ALL PAYMENTS SHOULD BE MARKED
WITH YOUR NAME AND THIS DOCKET NUMBER:

S75571

and be made payable to:

**GREGG E. BIENSTOCK**
**City Marshal - Badge No.17**

⠂⠄ the City of New York
᠌ Bronx

Index Number: **CV-059211-05/BX**

⠄ISADES COLLECTION, L.L.C.
-against-
JACQUELINE ORTIZ

**AFFIDAVIT IN SUPPORT TO**
**Vacate Inquest Clerk, stay**
**entry of the judgment and**
**restore to the Trial Calendar**

State of New York, Bronx
    **JACQUELINE ORTIZ,**being duly sworn, deposes and says:

**(Initials)**

1.   **X**    a) **I am** the party named as (Defendant)(Respondent) in the above titled proceeding.
  JO

2.   **X**    **I request** that the Court issue an order for: **Vacate Inquest Clerk, stay the entry of judgment and restore to the Trial Calendar**
  JO

3.)   **X**    I have a good **defense** because: I do not owe the money.
JO On the court date that I missed (12/15/11) the plaintiff was to show a "discovery". In addition, I have not done any business with the plaintiff.

4.)   **X**    I have a good **excuse/reason** because: The Plaintiff sent me a
12/15/11 notice of discontinuing Action and said they
JO filed it in court. Also I called and they said the case was dismissed.

5.)   _____ (a) **I have not** had a previous Order to Show Cause regarding this Index Number
  **X**    (b) **I have** had a previous Order to Show Cause regarding this index number but I am making this further application because I want to make sure this case is
JO dismissed

Sworn to before me this day
December 19, 2011

COURT
REV. ASSIST.

Signature of Court Employee and Title

(Sign Name) **X** Jacqueline Ortiz
JACQUELINE ORTIZ, residing at 790 GRAND
CONCOURSE, APT 2B, Bronx, NY 10451-

**Civil Court of the City of New York**
**County Of BRONX**
  Judgment Creditor
  PALISADES COLLECTION, L.L.C.

  Judgment Debtor(s)
  JACQUELINE ORTIZ
  790 GRAND CONCOURSE APT 2B
  BRONX, NY 104513073

P&P File O28107
  Index No. 59211/05

INCOME EXECUTION
THE PEOPLE OF THE STATE OF NEW YORK

TO THE ENFORCEMENT OFFICER, GREETING:

A judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX | 08/10/06 | 3,338.43 | 3,338.43 | 08/10/06 |

This execution is issued against JACQUELINE ORTIZ whose last known address is 790 GRAND CONCOURSE APT 2B BRONX, NY 104513073 and who is receiving or will receive $300.00 for each weekly pay period from the Employer, "Employer," herein, includes any payor of money to Judgment Debtor. The Employer's name and address is THAYER MEDICAL PC 4738 BROADWAY NEW YORK NY 100401103 . Employer's telephone number is 212-569-5330 .

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR SEC. 5231.

**Directions of Judgment Debtor: You are notified and commanded immediately** to start paying the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal Limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer: You are commanded** to withold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more that the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages, or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated: 05/30/11

PRESSLER and PRESSLER, LLP
Attorney for Plaintiffs/Judgment Creditor
305 Broadway 9th Floor
New York, NY 10007
(516)222-7929

By: _____
    Mitchell E. Zipkin

## IMPORTANT STATEMENT

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rule Sec. 5231 and 15 United States Code Sec. 1671 et seq.

### I. Limitations on the amount that can be withheld

A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten (10%) percent of the judgment debtor's gross income.

B.   If a judgment debtor's weekly disposable earnings are less than the greater of thirty (30) times the current federal minimum wage ( $7.25 * per hour, or $217.50 ) or the New York State minimum wage ( $7.25 * per hour, or $217.50 ) no deduction can be made from the judgment debtor's earnings under this income execution.

C.   A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of the current federal minimum wage ( $7.25 * per hour, or $217.50 ) or the New York State minimum wage ( $7.25 * per hour, or $217.50 ) under this income execution.

D.   If deductions are being made from a judgment debtor's earnings under any orders for alimony, support o maintenance for family members or former spouses, and those deductions equal or exceed twenty-five (25%) percent of the judgment debtor's disposable earnings, no deductions can be made from the judgment debtor's earnings under this income execution.

E.   If deductions are being made from a judgment debtor's earnings under any orders for alimony, support o maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) percent of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor' earnings under this income execution. However, the amount arrived at by adding the deductions from earnings under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses, cannot exceed twenty-five (25%) percent o the judgment debtor's disposable earnings.

Notice

Pursuant to CPLR 5205(l), $2,500 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,500 in such an account.

Pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 24 times the state minimum hourly wage prescribed in Labor Law 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependants.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

### II. Explanation of Limitations
#### Definitions:

Disposable Earnings – Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security, and unemployment insurance but not deduction for union dues, insurance plans, etc.).

Gross Income – Gross income is salary, wages, or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

### Illustrations regarding earnings:

| If disposable earnings is: | amount to pay or deduct from earnings under this income execution is: |
|---|---|
| (a) 30 times the greater of federal minimum wage ( $217.50 ) or the New York State minimum wage ( $7.25 * per hour, or $217.50 ) or less | No payment or deduction allowed. |

(b) More than 30 times the greater of the federal minimum wage ( $217.50 ) or the New York State minimum wage ( $7.25 * per hour, or $217.50 ) and less than 40 times the greater of the federal minimum wage ($290.00) or the New York State minimum wage ( $290.00 )

The lesser of: the excess over the greater of 30 times the federal minimum wage ( $217.50 ) or the New York State minimum wage ( $217.50 ) in disposable earnings, or 10% of gross earnings.

(c) 40 times the greater of the federal minimum wage ($290.00) or the New York State minimum wage ( $290.00 ) or more.

The lesser of: 25% of disposable earnings or 10% of gross earnings.

## III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR 5231(i) AND CPLR 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged:

## CPLR SEC. 5231 (i) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

## CPLR SEC. 5240 Modification or protective order: supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

## Return(for Sheriff's or Marshal's use only)

[ ]    Fully Satisfied .......2011                    [ ] Unsatisfied

[ ]    Partially Satisfied .......2011                    $_____

Because I was unable to find the Garnishee (the Employer) within my jurisdiction, I return this Income Execution to Judgment Creditor's Attorney on _____2011 .

Date and time received                    [ ] Marshal, City of _____

                    [ ] Sheriff, County of _____

                    [ ] Constable of the [ ] Town [ ] Village of _____

Exhibit G

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
-------
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
-------
MITCHELL L. WILLIAMSON
THOMAS H. BROGAN  .
RALPH GULKO
JOANNE L. D'AURIZIO
CHRISTOPHER P. ODOGBILI

PRESSLER AND PRESSLER, L.L.P.
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353
-------
NY Office
305 Broadway
9th Floor
New York, NY 10007
Off: (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

DALE L. GELBER
CRAIG S. STILLER*
STEVEN A. LANG
DANIEL B. SULLIVAN
GINA M. LO BUE

DARYL J. RIFKIN
DARREN H. TANAKA
MITCHELL E. ZIPKIN
MICHAEL J. PETERS
RITA E. AYOUB

----------------------------
* NY State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-9pm
Saturday: 9am-2pm

07/27/11

JACQUELINE ORTIZ
790 GRAND CONCOURSE APT 2B
BRONX, NY 104513073

Re:     PALISADES COLLECTION, L.L.C.   vs.   JACQUELINE ORTIZ
        CIVIL COURT OF THE CITY OF NEW YORK
        COUNTY OF BRONX
        Index Number  59211/05
        P&P File Number O28107
        Balance: $4,758.12
        Original Creditor AT&T WIRELESS

Dear Sir or Madam:

        Enclosed please find a Stipulation of  Discontinuing
Action with Mutual Release in reference to the above matter.
Kindly sign and return one copy with original signature  to
our office in the self addressed, stamped envelope provided
for your convenience.

        Should you have any questions, please feel  free  to
contact me at 1-888-312-8600  Ext  5141  or  anyone  in  my
department at Ext 5656.

        Thank you for your attention in this matter.

Very truly yours,

PRESSLER and PRESSLER, LLP

Craig S. Stiller

THIS COMMUNICATION IS FROM A DEBT  COLLECTOR.  THIS  IS  AN
ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK      P&P File O28107
COUNTY OF BRONX

PALISADES COLLECTION, L.L.C.
         Plaintiff
         vs.              Index No. 59211/05

                          STIPULATION OF DISCONTINUING
JACQUELINE ORTIZ                 ACTION and MUTUAL RELEASES

        Defendant(s)

|ı|ıı|ıı|ıı||ııı|ı|ı||ı||ı||ı|ıı|ı||ı|ı|ıı|ıı|ııı|ı|ıı|ı|ı|ı|

IT IS HEREBY STIPULATED AND AGREED, by the undersigned, the attorneys of record
for Plaintiff, who is assignee and sole owner of AT&T WIRELESS    Account Number
002500000057733040 , and the Defendant in the above entitled action, that as
where no party hereto is an infant or incompetent for whom a committee has been
appointed and no person not a party hereto has an interest in the subject matter
of the above action and therefore it is hereby discontinued with prejudice
pursuant to CPLR 3217(a), including all claims and counterclaims, if any,
without costs to either party as against the other.

Upon filing with the court, this settlement document will also act as a release
of any claims asserted in this litigation, or which might have been asserted or
relate in any manner to the underlying issues, against any party or its agents,
named in the complaint or counterclaim or third party complaint(s) or those of
which either of the parties are currently unaware.

This Stipulation may be filed with the Clerk of the Court without further notice
to any party. Facsimile signatures shall be deemed as original.

Dated:07/27/11              Dated:_____/___/_____

Pressler and Pressler, LLP
Attorney's for Plaintiff
305 Broadway 9th Floor
New York, NY 10007             790 GRAND CONCOURSE APT 2B
(516)222-7929                BRONX, NY 104513073

By:_____      By:_____
   Craig S. Stiller  Esq.           JACQUELINE ORTIZ

Exhibit H

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 11.
-------------------------------------------------------X

Palisades

                              Plaintiff,

          -against-


Jacqueline
Ortiz

                              Defendant.
-------------------------------------------------------X

DISCOVERY ORDER
Index No.
CU059211-05

It is hereby ORDERED that the plaintiff / defendant shall serve the defendant /

plaintiff with the following discovery material by Certified Mail Return Receipt Requested

within_____ 45 days or __X__ 60 days:


____X____ A copy of the signed contract giving rise to the alleged debt.

____X____ All billing statements and transaction history for the subject account.

____X____ A complete chain of custody including written proof of assignment for the subject
account.

_____ Notarized Bill of Particulars.

____X____ Response(s) to Notice for Discovery including interrogatories and Notices to Admit.


The matter is adjourned to Dec. 15, 2011 at 10:30 AM for conference.


**Non-compliance with this Order shall preclude the offending party from presenting
documentation or testimony at trial.**

Dated: ____9-13-11____

Civil Court
of the
City of New York
SEP 13 2011
ENTERED
BRONX COUNTY

Judge, Civil Court
MITCHELL J. DANZIGER
JUDGE, CIVIL COURT

Exhibit I

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER
––––––––––––––––––––
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
––––––––––––––––––––
MITCHELL L. WILLIAMSON
CHRISTOPHER P. ODOGBILI
THOMAS M. BROGAN
JOANNE L. D'AURIZIO
RALPH GULKO

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353
NY Office:
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353
E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office [ ] New York Office

DALE L. GELBER          DARRYL J. KIPNIS
CRAIG S. STILLER       DARREEN H. TANAKA
STEVEN A. LANG         MITCHELL E. ZIPKIN
DANIEL B. SULLIVAN     MICHAEL J. PETERS
GINA M. LOBUE          RITA E. AYOUB
GLEN H. CHULSKY

* NY STATE LICENSE ONLY

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

SEPTEMBER 21, 2011

Civil Court of the City of New York
Clerk, BRONX County
851 GRAND CONCOURSE
BRONX NY 10451

Re: PALISADES COLLECTION, L.L.C.  vs  JACQUELINE ORTIZ
    Civil Court of the City of New York
    County Of BRONX  Index No 59211/05
    P&P File Number O28107
    Original Creditor: AT&T Wireless
    Original Account: 002500000057733040
    Current Balance: $4,758.12

Dear Clerk:

    Enclosed please find a Notice of Motion, Affirmation in Support and Proposed Order, returnable on October 13, 2011.  Please file the motion and place it on the court's calendar.

    If you have any questions or concerns, please feel free to contact me directly at 1-888-312-8600 ext. 5301.

Very truly yours,

PRESSLER & PRESSLER, LLP

Mitchell E. Zipkin
MEZ/mz
Enc.
CC:    JACQUELINE  ORTIZ
       790 GRAND CONCOURSE APT 2B
       BRONX NY 104513073

This is a communication from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

INDEX NO.: 59211/05

Civil Court of the City of New York
County Of BRONX

| | |
|---|---|
| PALISADES COLLECTION, L.L.C. | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| JACQUELINE ORTIZ | ) |
| Defendant(s) | ) |
| | ) |
| | ) |
| | ) |

## NOTICE OF MOTION TO
## DISCONTINUE ACTION

PRESSLER & PRESSLER, L.L.P.
Attorney for Plaintiff
305 Broadway, 9th Floor
New York, NY 10007
(516) 222-7929

P&P File Number O28107

Civil Court of the City of New York
County Of BRONX

---

)
PALISADES COLLECTION, L.L.C.    )        **NOTICE OF MOTION**
                    Plaintiff,    )
                                  )
        -against-                 )        **INDEX NO.: 59211/05**
                                  )
JACQUELINE ORTIZ                  )
                    Defendant(s)  )
                                  )
                                  )
                                  )

PLEASE TAKE NOTICE, that upon the annexed affirmation of Mitchell E. Zipkin, Esq.

dated September 21, 2011, and upon all pleadings and proceedings previously had in this action, a

motion will be made before Part 34C, Room 1102 of this Court at the Courthouse located at 141

Livingston Street, New York, New York on October 13, 2011 at 9:30 a.m. or as soon thereafter as

counsel can be heard, for an Order directing that this matter be discontinued pursuant to CPLR § 3217,

together with such other further relief as the Court deems just and proper.

This action is for breach of contract.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR § 2214 (b), answering

affidavits, if any, shall be served at least seven days before the return date of this motion.

Dated: September 21, 2011                      PRESSLER & PRESSLER, L.L.P.
                                               Attorney for Plaintiff
                                               305 Broadway, 9th floor
                                               New York, NY 10007

                                               By: _____
                                                       Mitchell E. Zipkin, Esq.

TO:     JACQUELINE ORTIZ
        790 GRAND CONCOURSE APT 2B
        BRONX, NY 10451-3073

Civil Court of the City of New York
County Of BRONX

_____

---

|  |  |  |
|---|---|---|
| PALISADES COLLECTION, L.L.C. | ) | **AFFIRMATION IN SUPPORT OF** |
| Plaintiff, | ) | **AN ORDER TO DISCONTINUE** |
|  | ) | **ACTION** |
| -against- | ) |  |
|  | ) |  |
| JACQUELINE ORTIZ | ) | INDEX NO.: 59211/05 |
| Defendant(s) | ) |  |
|  | ) |  |
|  | ) |  |
_____

*Mitchell E. Zipkin, Esq.*, an attorney admitted to practice in the State of New York, affirms under the penalty of perjury that:

1.      I am associated with the attorney of record for the Plaintiff in the above entitled action, and the above entitled action was brought for breach of contract.

2.      Plaintiff commenced suit against Defendant with substituted service of the Summons and Complaint pursuant to CPLR 308(2) on November 8, 2005, and on November 9, 2005 by mail.  See Affidavit of Service attached hereto as **Exhibit A**, and Summons and Complaint attached hereto as **Exhibit B**.   A default judgment was entered against the Defendant on August 10, 2006, which is attached hereto as **Exhibit C**. Defendant then filed an Order to Show Cause to vacate the default judgment, which was granted on June 21, 2011.  See Order dated June 21, 2011 attached hereto as **Exhibit D**. The aforementioned Order deemed that the proposed answer that Defendant annexed to her Order to Show Cause was accepted by the Court. See Answer dated June 9, 2011 which is attached hereto as **Exhibit E**.

3.      Plaintiff wishes to discontinue the action against Defendant.

4.      On July 27, 2011, Plaintiff sent Defendant a Stipulation of Discontinuing Action with Mutual Release. The Stipulation is attached with the cover letter as **Exhibit F**.

5.      When no response was received to the Stipulation of Discontinuing Action with Mutual

Release, on August 30, 2011, undersigned's office sent Defendant a follow up notice with additional copies of the Stipulation. The follow up notice is attached hereto as **Exhibit G**. No response was received to the follow up notice either.

6.     Additionally, Defendant was presented with a copy of the Stipulation for signature while she was in court for a case conference on September 13, 2011, but for reasons unbeknownst to Plaintiff, the Defendant refused to sign the Stipulation.

7.     Pursuant to CPLR § 3217, since a responsive pleading has been filed, Plaintiff requests that the Court discontinue this action by motion on notice to Defendant. No judgment is currently entered against Defendant. Plaintiff respectfully requests the discontinuance of this case.

8.     No prior application for the relief requested herein has been made.

WHEREFORE, Plaintiff respectfully asks for an Order discontinuing this matter pursuant to CPLR § 3127.

Dated: September 21, 2011

PRESSLER & PRESSLER, LLP
Attorney for Plaintiff
305 Broadway, 9th Floor
New York, NY 10007
(516) 222-7929

By:: _____

*Mitchell E. Zipkin, Esq.*

Civil Court of the City of New York
County Of BRONX

| | | |
|---|---|---|
| PALISADES COLLECTION, L.L.C. | ) | NOTICE OF MOTION |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | INDEX NO.: 59211/05 |
| | ) | |
| JACQUELINE ORTIZ | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | |

The Plaintiff, PALISADES COLLECTION, L.L.C., by its attorney, PRESSLER and PRESSLER, LLP, having duly moved for an Order pursuant to CPLR§ 3217 to discontinue this matter, and the motion having regularly come on to be heard,

Now, upon the reading and filing, the affirmation of Mitchell E. Zipkin, Esq., dated September 21, 2011, in support of Plaintiff's motion, and after due deliberation,

Now, upon Plaintiff's motion, it is:

ORDERED that Plaintiff's motion to discontinue this action is hereby granted and the action is discontinued in all respects and the Clerk of the Court shall note the same on the Court's records.

This constitutes the Decision and Order of the Court.


Date: _____/_____/_____


                                          _____
                                          HON. _____
                                          Judge, Civil Court

Civil Court of the City of New York
County Of BRONX

---

|  |  |
|---|---|
| PALISADES COLLECTION, L.L.C.         ) | **AFFIRMATION OF SERVICE** |
| Plaintiff,     ) | **BY MAIL** |
| ) | |
| -against-    ) | INDEX NO.: 59211/05 |
| ) | |
| JACQUELINE ORTIZ       ) | |
| Defendant(s)   ) | |
| ) | |
| ) | |

---

I, Mitchell E. Zipkin, Esq., an attorney admitted to practice in the Courts of the State of New York,

associated with the firm of Pressler & Pressler, LLP Attorneys for Plaintiff, affirm that I am not a

party to the action, and on SEPTEMBER 21, 2011, the attached Notice of Motion, Affirmation in

Support, and proposed Order were served by depositing a copy thereof enclosed in a first class postage

paid wrapper, addressed to the address designated by the Defendant for that purpose in an official

depository under the exclusive care and custody of the United States Postal Service, that address

being:

      JACQUELINE ORTIZ
      790 GRAND CONCOURSE APT 2B
      BRONX, NY 10451-3073

Affirmed: September 21, 2011

By: _____
        *Mitchell E. Zipkin, Esq.*

EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

PALISADES COLLECTION, LLC          Plaintiff(s), Petitioner(s)

    *against*

JACQUELINE ORTIZ          Defendant(s), Respondent(s)

ATTORNEY: Pressler and Pressler

Pressler File No.: O28107

INDEX NO.: 59211/05

**AFFIDAVIT OF SERVICE**

STATE OF N.Y.: COUNTY OF NASSAU:  ss:

I, Jose Rojas, being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Bronx, NY.

That on November 8, 2005 at 2:18 PM at 790 Grand Concourse , Apt 2B, Bronx, NY 10451, deponent served the Summons & Verified Complaint with Index Number & Date of Filing Endorsed Thereon upon Jacqueline Ortiz, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner;

By delivering thereat a true copy *of each* to Alvilin Negron, a person of suitable age and discretion. That person was also asked by deponent whether said premises was the Recipient's place of residence and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:   Sex:  Female Skin: Hispanic Hair:  Black Age(Approx):  45 Height(Approx):  5' 6" Weight(Approx):  130-140 lbs Other:

On November 9, 2005, after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the Recipient at Recipient's place of residence in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the Recipient.

I asked the person spoken to if the Recipient was in active military service of the United States or the State of New York in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the Recipient is not in the military service of New York State or the United States as that term is defined in the statues of New York State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Jose Rojas    License No. 1017431

Sworn to before me on November 9, 2005

Alan Leibowitz
Notary Public, State of New York
Registration No. 01LE6029931
Qualified in Nassau County
Commission Expires August 30, 2009

Executive Attorney Service (516) 333-3447
Case No.: 43975

EXHIBIT B

File # 028107

CONSUMER CREDIT TRANSACTION
IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS.

Don't throw it away!!  Talk to a Lawyer right away.  Part of your pay can be taken from you (Garnished) if you do not bring this to court, or see a Lawyer.  Your property can be taken and your credit rating can be hurt!!  You may have to pay other costs too!! If you can't pay for your own Lawyer, bring these papers to this court right away.  The clerk (personal appearance) will help you.

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
------------------------------------------------

PALISADES COLLECTION, L.L.C.                    Index No.59211/05
                    Plaintiff,
          -Against-                             SUMMONS

JACQUELINE ORTIZ

                                                Plaintiff's Residence Address
                                                210 SYLVAN AVE
                                                ENGLEWOOD CLIFFS  NJ  07632

                    Defendant(s).
                                                The Basis of this venue is:
                                                 Defendant's residence
------------------------------------------------

Defendant's Residence Address:
          790 GRAND CONCOURSE APT 2B
          BRONX, NY 104513073

To the above named defendant(s): YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of BRONX , at the office of the clerk of the said Court at 851 GRAND CONCOURSE  in the County of  BRONX  , City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $3,165.92 with interest on the sum of $3,165.92 from 10/24/05  and the costs of this action.

Dated:  10/24/05                                PRESSLER and PRESSLER
                                                Attorneys for Plaintiff
                                                By:S/Ralph Gulko
                                                   Ralph Gulko , Esq.

                                                990 Stewart Avenue Suite 30
                                                Garden City, NY 11530
                                                (516)222-7929

Note the law provides that:
a) If this summons served by its delivery to you personally with the City of New York, you must appear and answer within TWENTY DAYS after such service or:
b) If this summons is served by its delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any other means other than personal delivery to you within the City of New York, you are allowed THIRTY DAYS after the proof of service is filed with the Clerk of this Court within which to appear and answer.

File # 028107

TRANSACCION de CREDITO del CONSUMIDOR
IMPORTANTE! UD. HA SIDO DEMANDADO!

ESTE ES UN DOCUMENTO LEGAL: UNA CITACION
!NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE  SU
SALARIO (EMBARGARLO). !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE
PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD)  Y PERJUDICAR SU  CREDITO!  !TAMBIEN
ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD, NO TIENE
DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE.  VENGA
EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL, DE LA CIUDAD DE NEUVA YORK CONDADO DE BRONX
------------------------------------------------------

PALISADES COLLECTION, L.L.C.                   No. del indice (tabla) .59211/05
                    Demandante,
          -against-                                CITACION

JACQUELINE ORTIZ
                                         La razon de haber designado esta
                                         Corte es:
                                         210 SYLVAN AVE
                                         ENGLEWOOD CLIFFS  NJ  07632
                 Demandado(s)            La transaccion de su creito tuvo
                                         lugar en el Condado de
                                         Residencia del Demandado
-----------------------------------------------------

Residencia del Demandado
              790 GRAND CONCOURSE APT 2B
              BRONX, NY 104513073

Al demandado(s) arriba mencionado(s): USTED ESTA CITADO para presentarse  en
la Corte Civil de la Ciudad de Nueva York, Condado de BRONX  a  la  oficina
del jefe Principal de dicha Corte en 851 GRAND CONCOURSE    en  Condado  de
BRONX  Ciudad y Estado de Nueva York, dentro del tiempo provisto por la  ley
segun abajo indicado y presentar su respuesta a la demanda adjunta al   Jefe
de la Corte; si usted no comparece a contestar se dictara   sentencia  contra
usted por la cantidad de $3,165.92 con intereses sobre $3,165.92 de 10/24/05
incluyendo los costos de esta causa.
Dated:  10/24/05                              PRESSLER and PRESSLER
                                             Abogado(s) del Demandante
                                             By:S/Ralph Gulko
                                                Ralph Gulko , Esq.
                                             990 Stewart Avenue Suite 30
                                             Garden City, NY 11530
                                                (516)222-7929

NOTA: La ley provee que:

a) Si esta citacion es entregada a usted personalmente en la Cuidad de  Nueva
York, usted debe presentarse y responder dentro de VEINTE dias despues  de  la
entrega; o
b)  Si  esta  citacion  es  entregada  a otra persona que no fuera usted
personalmente, o si fuera entregada afuera de la cuidad de Nueva York,  o  por
medio de publicacion, o por otros medios, que no  fueran entrega  personal  a
usted en la Cuidad de Nueva York, usted, tiene TREINTA dias para presentarse y
responder a la demanda, despues de haberse presentado prueba de entrega de  la
citacion sera archivada con el Jefe de esta Corte.

File # 028107

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
PALISADES COLLECTION, L.L.C.                    Index No.59211/05
                        Plaintiff(s)
            -Against-                           **VERIFIED COMPLAINT**
JACQUELINE ORTIZ
_____Defendant(s)_____

       Plaintiff by its attorney, PRESSLER AND PRESSLER  complaining  of
the defendant(s) respectfully alleges upon information  and  belief  as
follows:

## FIRST CAUSE OF ACTION

1.  Plaintiff is a corporation incorporated under  the  laws  of
    the State of New Jersey  and owner of AT&T WIRELESS , Acct #
    002500000057733040 .
2.  Upon information and belief defendant resides or is employed
    in the county in which this action is brought; or  that  the
    defendant transacted business within  the  county  in  which
    this action is brought in person or  through  an  agent  and
    that  the  instant  cause  of  action  arose  out  of  said
    transaction.
3.  Upon information and belief that the defendant entered  into
    a Goods and/or Services Contract #  002500000057733040  with
    the plaintiff wherein defendant agreed to pay plaintiff  all
    amounts charged  to  said  account  by  the  authorized  use
    thereof.
4.  Upon information and belief  the  agreement  containing  the
    terms  and  conditions  governing  the  use  of  the  charge
    account, including terms of payment was mailed to defendant.
5.  Upon information and belief thereafter  defendant  incurred
    charges by use of the said Account in the sum of $2,187.09
6.  There is now due  and  owing  to  the  plaintiff  from  the
    defendant the agreed sum of $2,187.09  plus  interest  of
    $978.83  from 11/04/00 to 10/24/05   for  a  total  sum  of
    $3,165.92 .

## SECOND CAUSE OF ACTION

7.  Plaintiff repeats, realleges and reiterates each  and  every
    allegation contained in paragraphs 1-6 as if  set  forth  at
    length.
8.    Plaintiff and/or AT&T WIRELESS   has  mailed  monthly
    statements required by the agreement to defendant(s) thereby
    rendering a full just and true account of all unpaid amounts
    charged by the defendant(s) which are  due  and  owing,  and
    defendant(s) received, accepted and  retained  same  without
    objection.
9.  By reason of the aforementioned, an ACCOUNT STATED was taken
    and had between  the  plaintiff  and  defendant(s)  for  the
    agreed total balance of $3,165.92 .

This communication is from a debt collector. This is  an  attempt
to collect a debt. Any information obtained will be used for that
purpose.

**WHEREFORE**, plaintiff demands judgment against defendant on the first cause of action in the sum of $3,165.92 and on the second cause of action in the sum of $3,165.92 together with  acurring  interest to the date of judgment plus costs and disbursements of this  action and for such further and other relief as the Court  deems  just  and proper.

PRESSLER AND PRESSLER                        PRESSLER and PRESSLER
990 Stewart Avenue Suite 30                  Attorneys for Plaintiff
Garden City, NY 11530
(516)222-7929

                                            By:S/Ralph Gulko
                                               Ralph Gulko , Esq.

<u>VERIFICATION</u>

File # 028107

State of New York
County of NASSAU    ss:

The undersigned, an Attorney duly admitted to practice law in the  State  of New York, affirms the following statements to be true under the penalties of perjury:

I am the attorney of record for plaintiff; That I have  read  and  know  the contents of the foregoing complaint; That same is true to the  knowledge  of the affirmant except as to those matters therein stated to be  alleged  upon information and belief and as to those matters I believe to be true.

The reason this verification is made by  affirmant  and  not  plaintiff  is because plaintiff is a corporation and does  not  have  an  officer  readily available within the county wherein I maintain an office for the practice of law and the undersigned is in possession of the salient papers in connection with the action herein.

Dated:   10/24/05

PRESSLER and PRESSLER
Attorney for Plaintiff
By:<u>S/Ralph Gulko</u>
   Ralph Gulko , Esq.

990 Stewart Avenue Suite 30
Garden City, NY 11530
(516)222-7929

# EXHIBIT C

CIVIL·COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

P&P File O28107

PALISADES COLLECTION, L.L.C.
        Plaintiff
        vs.

Index No.  59211/05

JUDGMENT

JACQUELINE ORTIZ
       Defendant(s)

AMOUNT CLAIMED IN COMPLAINT LESS CREDITS ON ACCOUNT ($0.00 )........... $3,165.92
INTEREST AT 9.00 % FROM 10/24/05 to 04/03/06 ............................ $82.51
                                                        ----------
                                                      $3,248.43

Costs by Statute.................... $20.00
Service of Summons and complaint.... $25.00
Fee for Index Number................ $45.00
Prospective Execution Fee.......... $0.00

Costs Taxed At
                                                ----------
                                             $90.00

STATE OF NEW YORK, COUNTY OF NASSAU          Total.......   $3,338.43

     The undersigned, an attorney at law of the State of New York, the attorney(s) of record for the Plaintiff(s) herein, subscribes and affirms under penalties of perjury, that the disbursements above specified are correct and true and have been or will be necessarily be made or incurred herein and are reasonable in amount; that the Defendant(s) have failed to appear, answer or move herein and the time to do so has expired so that Plaintiff is entitled to a judgment by default .  On  11/29/2005  , Deponent mailed a copy of the summons in separate post-paid envelopes in an official depository of the U.S. Postal Service, addressed to each defaulting defendant's last known residence address as set forth below, by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof  that the communication was from an attorney or concerns an alleged debt.  More than 20 days have elapsed and the same have not been returned as undeliverable by the  U.S.  Postal Service.

     Pursuant to  affidavits of  service on file  herein,  deponent  alleged that defendant(s) are not in the military service.
**Plaintiff waives its cause of action based on an account stated and attorney fees.**

Dated:  07/14/06

                                Richard A. Franklin  Esq.
                                Pressler & Pressler
                                990 Stewart Avenue Suite 30
                                Garden City, NY 11530
                                (516)222-7929

JUDGEMENT ENTERED ON:_____

     ADJUDGED that PALISADES COLLECTION, L.L.C.  , Plaintiff,  with  offices  at  210 SYLVAN AVE   ENGLEWOOD CLIFFS NJ  07632 , recover of JACQUELINE ORTIZ   , Defendant residing at 790 GRAND  CONCOURSE  APT  2B   BRONX,  NY 104513073  in the sum of $3,165.92   with Interest of $82.51   making  a total  of $3,248.43 , together with costs and disbursements of $90.00 amounting in  all  to  the sum of $3,338.43  and that the Plaintiff(s) have execution therefor.

                                          Clerk

EXHIBIT D

# EXHIBIT E

O28107

CIVIL COURT OF THE CITY OF NEW YORK          Index No. 59211/05
COUNTY OF BRONX

---

PALISADES COLLECTION, LLC,

                                        Plaintiff,          PROPOSED ANSWER
                                                            CONSUMER CREDIT
v.                                                            TRANSACTION

JACQUELINE ORTIZ,

                                        Defendant.

---

JACQUELINE ORTIZ, answers the Complaint as follows:

1.  General Denial:  I deny the allegations of the Complaint.

2.  I do not owe the money.

3.  I have no business relationship with the plaintiff so the plaintiff lacks standing.

## VERIFICATION

State of New York, County of Bronx ss.:

JACQUELINE ORTIZ, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

X _Jacquelie Ortiz_
Signature of Jacqueline Ortiz, Defendant

Sworn to before me this _____ day
of _____ JAN 0 9 2012 , 20 ____.

COURT
REV. ASSIST.

Signature and Title
of Court Employee or Notary

Exhibit J

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER
-------
RICHARD J. PALT
STEVEN P. MCCABE
LAWRENCE J. MCDERMOTT, JR.
-------
MITCHELL L. WILLIAMSON
THOMAS N. BROGAN
RALPH GULKO
JOANNE L. D'AUDIZIO
CHRISTOPHER P. ODOGHILI

*PRESSLER AND PRESSLER*, L.L.P.
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off. (973) 753-5100
Fax (973) 753-5353
- - - - - - -
NY Office
305 Broadway
9th Floor
New York, NY 10007
Off. (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

DALE L. GERBER          DARYL J. KIPNIS
CRAIG B. STILLER*       DANIEL N. YANAKA
STEVEN A. LANG          MITCHELL H. RIPKIN
DANIEL B. SULLIVAN      MICHAEL J. PETHON
GINA M. LO BUE          RIYA N. AYUUN
GLEN H. CHULSKY

* NY State License Only
----------------------
OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

11/01/11

‖ı‖ı‖ıl‖ıl‖ıı‖ıı‖‖ıll‖ıı‖ıı‖ıl‖‖ıı‖ıl‖ıl‖
JACQUELINE ORTIZ
790 GRAND CONCOURSE APT 2B
BRONX, NY 104513073

Re:  PALISADES COLLECTION, L.L.C., vs  JACQUELINE ORTIZ
     CIVIL COURT OF THE CITY OF NEW YORK
     COUNTY OF BRONX
     Index  59211/05
     P&P File No  O28107
     Acct # 002500000057733040
     Original Creditor AT&T WIRELESS

Dear JACQUELINE ORTIZ

       Enclosed please find the Notice Of Discontinuing Action
filed with the CIVIL COURT OF THE CITY OF NEW YORK , COUNTY OF
BRONX . Please keep a copy for your records.

       Should you have any  questions,  please  feel  free  to
contact me  at  1-888-312-8600  Ext 5141  or  anyone  in  my
department at Ext 5112.


       Very truly yours,

       PRESSLER and PRESSLER, LLP

       S/ Craig S. Stiller

       Craig S. Stiller

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE  USED  FOR  THAT
PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

'11 OCT 25  AM 10: 17

P&P File O28107

PALISADES COLLECTION, L.L.C.
            Plaintiff
            vs.

Index No.   59211/05

NOTICE OF DISCONTINUING
ACTION

JACQUELINE ORTIZ

            Defendant(s)

        PLEASE TAKE NOTICE that plaintiff  hereby  voluntarily  discontinues
this action pursuant to CPLR 3217(a)

        Dated 10/21/11

                                    Pressler and Pressler, LLP
                                    Attorneys for Plaintiff

                                    By:_____
                                    Mitchell E. Zipkin  Esq.
                                    Attorney's for Plaintiff
                                    305 Broadway 9th Floor
                                    New York, NY 10007
                                    (516)222-7929

Exhibit K

WebCivil Local - Appearance Detail

 

# New York State Unified Court System

COURTS

## WebCivil Local - Appearance Detail

Court:                **Bronx County Civil Court**
Index Number:    **CV-059211-05/BX**
Case Name:        **PALISADES COLLECTION, L.L.C. vs. ORTIZ, JACQUELINE**
Case Type:          **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Appearance Outcome | Judge / Part | Motion Seq |
|---|---|---|---|---|---|
| 01/09/2012 | 09:45 AM | Motion | Granted on Consent | Honorable Lizbeth Gonzalez<br>Part 34C - Procedural Motions - Self-Represented Litigant - Consumer | 003 |
| 12/15/2011 | 10:30 AM | Conference: Pretrial | Inquest Clerk | Honorable Mitchell J. Danziger<br>Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 10/13/2011 | 09:45 AM | Motion | Denied | Honorable Lizbeth Gonzalez<br>Part 34C - Procedural Motions - Self-Represented Litigant - Consumer | 002 |
| 09/13/2011 | 10:30 AM | Conference: Pretrial | Adjourned | Honorable Mitchell J. Danziger<br>Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 06/21/2011 | 09:45 AM | Motion | Granted on Consent | Honorable Fernando Tapia<br>Part 34C - Procedural Motions - Self-Represented Litigant - Consumer | 001 |

Close

Exhibit L

CIVIL COURT OF THE CITY OF NEW YORK
BRONX COUNTY: PART **34C**

_____X

Palisades Collection LLC

                                    Plaintiff,                    DECISION and ORDER
                                                                  Index No. **59211 — 05
                                                                                    #3**

                        -against-

Jacqueline Ortiz                                                  Present: Hon. Lizbeth González
                                                                                    JCC

                                    Defendant.
_____X

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

Notice of Motion and annexed Exhibits and Affidavits.........................
Order to Show Cause and annexed Affidavits .................................
Affirmation in Opposition and annexed Exhibits...............................
Reply Affidavits ...........................................................
Other.....................................................................

*Upon the foregoing papers, the Decision and Order on this Motion is as follows:*

Defendant's motion to vacate and excuse his / her default and to vacate the inquest clerk

marking is granted on consent / ~~on default~~.  ~~This matter is now scheduled for conference / trial on~~

_____ ~~20___~~ ~~at 9:30AM / 10:30AM in courtroom 504.~~

~~The Clerk is directed to restore this action to the appropriate calender.  Defendant shall submit a~~

~~copy of this order to the Clerk at Window 14 in the basement~~     This action is

discontinued with prejubica

Dated: **Jan. 9, 2012**

                                                                  So ordered,

                                                                  _____
                                                                  Hon. Lizbeth González, JCC

# EXHIBIT I

*file not available*         3        2nd OTSC

**Civil Court of the City of New York**
**County of Bronx   Part 39**

Index Number: **CV-059211-05/BX**

PALISADES COLLECTION, L.L.C.,
        -against-
JACQUELINE ORTIZ

**ORDER TO SHOW CAUSE TO**
**Vacate Inquest Clerk, stay**
**entry of judgment and**
**Restore to the Trial Calendar**
**Appearances are mandatory**

**Upon** the annexed affidavit of **JACQUELINE ORTIZ**, sworn to on **December 19, 2011**, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:

       **Bronx Civil Court**
       **851 Grand Concourse, Bronx, NY 10451**
       **Part 34C - Room 504**
       **on** *January 9, 2012* **at 9:30 AM**

or as soon thereafter as counsel may be heard , why an order should not be made:

**To Vacate Inquest Clerk, stay entry of judgment restore to the Trial Calendar and/or dismiss**

       **PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York on this action be stayed.

       **SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

| Plaintiff(s) or named attorney(s) | Sheriff or Marshal |
|---|---|
| (Judge to Initial) | (Judge to Initial) |
| _____ by Personal Service by " In Hand Delivery" | _____ by Personal Service by " In Hand Delivery" |
| __X___ by Certified Mail, | _____ by Certified Mail, Return Receipt Requested |
| Return Receipt Requested | _____ by First Class Mail with official Post Office |
| _____ by First Class Mail with official Post Office | Certificate of Mailing |
| Certificate of Mailing | |

on or before *December 27, 2011* , shall be deemed good and sufficient.
PROOF OF SUCH SERVICE may be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause .

**Mail to Attorney:**

PRESSLER & PRESSLER
305 BROADWAY, 9TH FLOOR
NEW YORK, NY 10007-

**Sheriff/Marshal**

MGX
Ax disc'd
w/prejudice
LG 1/9/12

December 19, 2011
DATE

HON. LIZBETH GONZALEZ
JUDGE, CIVIL COURT

Hon. Raul Cruz, Civil Court Judge (NYC)

the City of New York
Bronx

Index Number: **CV-059211-05/BX**

|||||||||||||||||||||||||||||||

LISADES COLLECTION, L.L.C.
      -against-
JACQUELINE ORTIZ

**AFFIDAVIT IN SUPPORT TO**
Vacate Inquest Clerk, stay
entry of the judgment and
restore to the Trial Calendar

State of New York, Bronx
    **JACQUELINE ORTIZ,** being duly sworn, deposes and says:

(Initials)

1. __X__   a) **I am** the party named as (Defendant) (Respondent) in the above titled proceeding.
   Jo

2. __X__   I **request** that the Court issue an order for: **Vacate Inquest Clerk, stay the entry of judgment and restore to the Trial Calendar**
   Jo

3.) __X__   I have a good **defense** because: _I do not owe the Money. On the court date that I missed (12/15/11) the Plaintiff was to show a "discovery". In addition I have not done any business with the plaintiff._
   Jo

4.) __X__   I have a good **excuse/reason** because: _The Plaintiff sent me a notice of discontinuing Action and said they filed it in Court. Also I called and they said the case was dismissed._
12/15/11
   Jo

5.) _____ (a) I **have not** had a previous Order to Show Cause regarding this Index Number
   __X__ (b) I **have** had a previous Order to Show Cause regarding this index number but I am making this further application because _I want to make sure this case is dismissed_
   Jo

Sworn to before me this day
December 19, 2011

COURT
REV. ASSIST.
Signature of Court Employee and Title

(Sign Name) X Jacqueline Ortiz
JACQUELINE ORTIZ, residing at 790 GRAND
CONCOURSE, APT 2B, Bronx, NY 10451-